

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN                    AUSTIN 11, TEXAS
~~XXXXXX XXXX XXXXXXXXX~~D
ATTORNEY GENERAL

Hon. E. P. Jennings
County Auditor
Hardin County
Kountze, Texas

Dear Sir:                      Opinion No. O-1023

                               Re: Automible registration

        We have received your request for an opinion
of this department as to whether a person visiting and
being employed in this state and having a visitor's
license is required to register his automobile in this
state.

        Article 827b, Section 3 of the Penal Code
of Texas provides:

        "The non-resident owner or operator of
        any passenger car shall within twenty-five
        days after commencing to operate such vehicle,
        or causing or permitting it to be operated
        within this State apply to the Department,
        through any County Tax Collector, for the
        temporary registration thereof upon the ap-
        propriate official form stating herein the
        name and home address of the owner and the
        temporary address, if any, of the owner of
        operator while within this State, * * * "

        Article 827b, Section 2 of the Penal Code reads,
in part, as follows:

        "A non-resident owner of a motor vehicle,
        trailer or semi-trailer which has been duly
        registered for the current year in the State
        or country of which the owner is a resident
        and in accordance with the laws thereof, may,
        in lieu of registering such vehicle as other-
        wise required by law, apply to the State High-

way Department through a County Tax Collector for the registration thereof as provided by law. * * *"

Article 827b, of our Penal Code defines "non-resident" as follows:

"Means every resident of a state or country other than the State of Texas whose sojourn in this State, or whose occupation or place of abode, or business in this State, if any, covers a total period of not more than one hundred and twenty days in the calendar year."

Article 827b, Section 4 of the Penal Code reads as follows:

The County Tax Collector shall file each application received, and issue to the owner a temporary registration certificate of distinctive form to be furnished by the Department containing the date it is issued, a brief description of the vehicle and a statement that the owner has procured temporary registration of such vehicle as a non-resident. Said certificate shall entitle the owner or operator of said vehicle to operate it in this state for a period not exceeding one hundred and twenty days from date of issuance of said certificate."

We understand from your letter that the party you inquire about is a visitor in Texas and has purchased and paid for the one hundred and twenty day non-resident's license. We think the definition quoted from Article 827b of "non-resident" answers the situation that you inquire about. However, this privilege is limited by section 4, article 827b in requiring that the one hundred and twenty days must date from the time of issuance.

You also ask:

"What application applies to establishing residence of single person and married person relative to the question of registering automobile in the above question?"

Article 6675a-2 provides:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State, and each chauffeur, shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each such vehicle owned or controlled by him, * * *"

The above article fixes situs of registration as the county in which he resides.

Residence as used in the statutes has been considered as synonymous with domicile.  19 C.J. p. 397.

In volumn 54, p. 708 Corpus Juris, we find the following definition:

"The best definition is that to be deducted from the Roman Law; that a man's residence is the place where his family dwells or which he makes the chief seat of his affairs and interest.  Residence is the favorite term employed in the statutes to express the connection between person and place. The meaning when employed in a statute is often provocative of dispute, often making it difficult to give an exact definition of what is meant by residence as used in particular statutes, for when used in statutes it has different meanings in different connections, and may be used with different meanings in different statutes, and also, it sometimes has different shades of meaning in the statutes and even in the construc-

Hon. E. P. Jennings, page 4   (O-1023)

tion.  An examination of the authorities discloses that it has received different definitions in various cases, principally involving franchise, taxation, and jurisdiction.  As its statutory definition depends upon the legislative purpose as well as the context of the statute it must be construed in every case in accordance with the object and intent of the statute in which it occurs; hence its meaning is to be determined from the facts and circumstances taken together in each particular case.  However, it is said that when used in the statutes, or actions, or suits relating to taxation, rights of suffrage, divorce, limitation of actions, and the like, it is used in the sense of legal residence, that is to say, place of domicile or permanent abode."

We believe the intention of the legislature in the use of the term "resides" was legal residence.

We trust that this construction will enable you to determine from your facts the residence of a single and a married person.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   /s/  Morris Hodges
          Morris Hodges
                Assistant

MH:omb:mjs

APPROVED JUL 10, 1939
/s/ W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
BY /s/ RWF CHAIRMAN